UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. <u>25-CR-20102-RUIZ</u>

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| | ) |
| | ) |
| v. | ) |
| | ) |
| WILBER NAVARRO-ESCOBAR, | ) |
| Defendant. | ) |
| _____/ | |

**GOVERNMENT'S FIRST RESPONSE TO**

**<u>THE STANDING DISCOVERY ORDER</u>**

The United States hereby files this First Response to the Standing Discovery Order. This response also complies with Local Rule 88.10 and Federal Rules of Criminal Procedure 16 and 16.1, and is numbered to correspond with Local Rule 88.10. The discovery that is attached is as follows:

A. 1. There are audio recordings containing statements by the Defendant that are provided with this discovery response.

2. The recordings containing the substance of any oral statements made by the Defendant before or after arrest in response to interrogation by any person then known to the Defendant to be a government agent are provided with this discovery response.

3. No defendant testified before the Grand Jury.

4. The NCIC records of the defendant is provided with this response.

5. Books, papers, documents, photographs, tangible objects, buildings or places which the government intends to use as evidence at trial to prove its case in chief, or were obtained or belonging to the defendant may be

inspected at a mutually convenient time at the Office of the United States Attorney, 99 N.E. 4th Street, Miami, Florida. Please call the undersigned to set up a date and time that is convenient to both parties. The undersigned will tentatively set the date for April 24, 2025, at 2 P.M. Please call the undersigned with 48 hours notice if you intend to review the evidence at this date and time.

The attachments to this discovery response are not necessarily copies of all the books, papers, documents, etc., that the government may intend to introduce at trial.

Some of the items included in this discovery response include:
-FBI reports of the investigation
-Medical Examiner's Reports
-Controlled and consensually monitored and recorded phone calls
-Miranda Waiver Form
-Transcripts of controlled calls
-Search warrants

6. The Medical Examiner conducted autopsy reports for the four victims. Those reports are included with this response. Additionally, there was DNA analysis conducted on the Defendant's DNA. That report is included with this response.

B. DEMAND FOR RECIPROCAL DISCOVERY: The United States requests the disclosure and production of materials enumerated as items 1, 2 and 3 of Section B of the Standing Discovery Order. This request is also made pursuant to Rule 16(b) of the Federal Rules of Criminal Procedure.

C. The government is unaware of any information or material which may be favorable on the issues of guilt or punishment within the scope of Brady v. Maryland, 373 U.S. 83 (1963), and United States v. Agurs, 427 U.S. 97 (1976).

D. The government will disclose any payments, promises of immunity, leniency, preferential treatment, or other inducements made to prospective government witnesses, within the scope of Giglio v. United States, 405 U.S. 150 (1972), or Napue v. Illinois, 360 U.S. 264 (1959).

E. The government will disclose any prior convictions of any alleged co-conspirator, accomplice or informant who will testify for the government at trial.

F. The defendant was identified in a photographic lineup, and that has been

2

|     |     |
| --- | --- |
|     | provided with the discovery response. |
| G.  | The government has advised its agents and officers involved in this case to preserve all rough notes. |
| H.  | The government will timely advise the defendant of its intent, if any, to introduce during its case in chief proof of evidence pursuant to F.R.E. 404(b). You are hereby on notice that all evidence made available to you for inspection, as well as all statements disclosed herein or in any future discovery letter, may be offered in the trial of this cause, under F.R.E. 404(b) or otherwise (including the inextricably-intertwined doctrine).<br><br>In addition, the government may introduce under Rule 404(b) evidence underlying the defendant's past criminal activity that has resulted in arrests and/or convictions. |
| I.  | The defendant is not an aggrieved person, as defined in Title 18, United States Code, Section 2510(11), of any electronic surveillance. |
| J.  | The government has ordered transcribed the Grand Jury testimony of all witnesses who will testify for the government at the trial of this cause. |
| K.  | No contraband was involved in this indictment. |
| L.  | The government does not know of any automobile, vessel, or aircraft allegedly used in the commission of this offense that is in the government's possession. |
| M.  | The government is not aware of any latent fingerprints or palm prints which have been identified by a government expert as those of the defendant. |
| N.  | The government will make every possible effort in good faith to stipulate to all facts or points of law the truth and existence of which is not contested and the early resolution of which will expedite trial. These stipulations will be discussed at the discovery conference. |
| O.  | The government is available for a pretrial discovery conference as required by Rule 16.1 of the Federal Rules of Criminal Procedure and Local Rule 88.10(o). While the government and defense counsel have already discussed a timetable and procedures for discovery via telephone and email, should defense counsel wish to discuss these matters further or in person, please contact the undersigned with dates that defense counsel is available. |

The government is aware of its continuing duty to disclose such newly discovered

additional information required by the Standing Discovery Order, Rule 16(c) of the Federal Rules of Criminal Procedure, Brady, Giglio, Napue, and the obligation to assure a fair trial.

In addition to the request made above by the government pursuant to both Section B of the Standing Discovery Order and Rule 16(b) of the Federal Rules of Criminal Procedure, in accordance with Rule 12.1 of the Federal Rules of Criminal Procedure, the government hereby demands Notice of Alibi defense.

The government is providing the discovery through the USAFX file sharing service. The government will submit an email request to defense counsel to set up an account, which defense counsel may use to view the discovery for a period of twenty-one (21) days. During that time, defense counsel may download or print the discovery as needed. Should the twenty-one day window expire, counsel for the government will share the discovery files if requested by defense. In the alternative, defense counsel may provide the government with a one (1) terabyte (TB) external hard drive to produce the discovery, given the size and amount of discovery, including video and audio recordings. Upon receipt of the hard drive, the government will then copy the discovery and send it back to defense counsel.

Please contact the undersigned Assistant United States Attorney if any materials are missing, or if there is difficulty opening the media.

    Respectfully submitted,
    HAYDEN P. O'BYRNE
    UNITED STATES ATTORNEY

By:  /s/ Brian Dobbins
    BRIAN DOBBINS
    Assistant United States Attorney
    Court No. A5501182
    99 NE 4th Street
    Miami, Florida 33132
    Tel: (305) 961-9304
    Fax: (305) 536-4676

cc: SA Nathan Ferguson, FBI

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing document was electronically filed with the Court's CM/ECF system this 3rd day of April, 2025.   I further certify that a true and correct copy of the foregoing document was mailed to Mr. David A. Donet, Esq., counsel for Defendant Navarro-Escobar, at P.O. Box 830234, Miami, FL 33283-0234.

By: /s/ Brian Dobbins
Assistant United States Attorney