UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 25-cr-20102-RAR

UNITED STATES OF AMERICA,

    Plaintiff,

v.

WILBER ROSENDO NAVARRO-ESCOBAR,

    Defendant.

_____

**DEFENDANT'S MOTION FOR APPOINTMENT
OF LEARNED COUNSEL PURSUANT TO 18 U.S.C. § 3005**

Defendant WILBER ROSENDO NAVARRO-ESCOBAR (Mr. Navarro-Escobar), by and through his undersigned counsel, moves this Honorable Court for an order appointing counsel "learned in the law applicable to capital cases" (hereinafter "learned counsel") under 18 U.S.C. § 3005, and in support thereof, states as follows:

**INTRODUCTION**

Mr. Navarro-Escobar is charged in Count 1 of the Indictment [DE 3] with Murder in Aid of Racketeering Activity pursuant to 18 U.S.C. § 1959, an offense for which the death penalty is a potential punishment.

The undersigned was appointed counsel for Mr. Navarro-Escobar under the Criminal Justice Act (CJA); therefore, Mr. Navarro-Escobar qualifies financially for appointed learned counsel.

**MEMORANDUM OF LAW**

18 U.S.C. § 3005 states, in pertinent part that:

"Whoever is indicted for treason or other capital crime shall be allowed to make

his full defense by counsel; and the court before which the defendant is to be tried, or a judge thereof, **shall promptly**, upon the defendant's request, assign 2 such counsel, of whom **at least 1 shall be learned in the law applicable to capital cases**, and who shall have free access to the accused at all reasonable hours. In assigning counsel under this section, the court shall consider the recommendation of the Federal Public Defender organization, or, if no such organization exists in the district, of the Administrative Office of the United States Courts." (emphasis added).[1]

As the First Circuit has held, under § 3005, "promptly means promptly after indictment, not (as the government asserts) only after the Attorney General has made a determination to seek the death penalty." ***In re Sterling-Suarez***, 306 F.3d 1170, 1171 (1st Cir. 2002). *See also*, ***United States v. Cordova***, 420 U.S. App. D.C. 138, 140, 806 F.3d 1085, 1087 (2015) ("Even among courts that disagree as to whether [learned counsel] is required after the government announces that it will not seek the death penalty, there is agreement that 'prompt' means promptly after indictment, and not later … While the death penalty is still on the table, there is a specific role for an attorney 'learned in the law applicable to capital cases' to play in the defense."); ***United States v. Medina-Rivera***, 285 F. Supp. 3d 505, 507 (D.P.R. 2018) ("The triggering event for the appointment of learned counsel is the filing of the indictment.") (citing ***Sterling Suarez***); *Guide to Judiciary Policy, Vol 7 Defender Services, Part A Guidelines for Administering the CJA and Related Statutes, Chapter 6: Federal Death Penalty and Capital Habeas Corpus Representations*, **§ 620.10.10(**a) ("As required by 18 U.S.C. § 3005, **at the outset of every capital case**, courts should appoint two attorneys, at least one of whom is experienced in and knowledgeable about the defense of death penalty cases.") (emphasis added).[2]

---

[1] Source: https://www.law.cornell.edu/uscode/text/18/3005

[2] Source: https://www.uscourts.gov/administration-policies/judiciary-policies/guidelines-administering-cja-and-related-statutes-18#a620_10

**Donet, McMillan & Trontz, P.A.**
Attorneys at Law
100 Almeria Avenue, Suite 230, Coral Gables, Florida 33134
• Telephone: 305-444-0030 •
www.dmtlaw.com

The historical commentary to the *American Bar Association Guidelines for the Appointment and Performance of Defense Counsel in Death Penalty Cases* (2003) makes clear that:

> "The period between an arrest or detention and the prosecutor's declaration of intent to seek the death penalty is often critically important. … [E]ffective advocacy by defense counsel during this period may persuade the prosecution not to seek the death penalty. Thus, it is imperative that counsel begin investigating mitigating evidence and assembling the defense team as early as possible-- **well before the prosecution has actually determined that the death penalty will be** sought." (emphasis added). *Id.* at pg. 9.[3]

The complex nature of the investigation and preparation of a capital case, including issues relating to the pre-trial death penalty authorization procedures (often referred to as the "DOJ Protocol") and described more fully in the Justice Manual (formerly United States Attorneys' Manual), § 9-10.000, *et. seq.*, mandate that learned counsel be appointed at the earliest time possible.[4] See Generally, **In re Sterling Suarez**, *supra*, and *American Bar Association Guidelines for the Appointment and Performance of Defense Counsel in Death Penalty Cases* (2003), *supra*.

As set forth above, 18 U.S.C. § 3005 requires the Court to "consider the recommendation of the Federal Public Defender organization." To that end, § 620.30 of the Unted Staes Courts' *Criminal Justice Act (CJA) Guidelines* provides that:

> "In appointing counsel in federal death penalty cases, 18 U.S.C. § 3005 requires the court to consider the recommendation of the federal defender, or, if no such organization exists in the district, of the AO's Defender Services Office.  Judges should consider and give due weight to the recommendations made by federal defenders and resource counsel and articulate reasons for not doing so." *Criminal Justice Act (CJA) Guidelines, § 620.30 – Procedures for Appointment of Counsel*

---

[3] Source: https://www.americanbar.org/content/dam/aba/administrative/death_penalty_representation/2003guidelines.pdf

[4] Source: https://www.justice.gov/jm/jm-9-10000-capital-crimes

*in Federal Death Penalty Cases*.[5]

## REQUEST FOR APPOINTMENT OF LEARNED COUNSEL

Undersigned counsel hereby requests the appointment of Gary E. Proctor, Esq., of 233 E. Redwood Street, Suite 1000C, Baltimore, MD 21202, telephone no.: (410) 444-1500, email: garyeproctor@gmail.com, as learned counsel.

The undersigned has conferred with Federal Defender Hector Dopico and Resource Counsel Steve Potolsky, Esq., who have authorized undersigned counsel to state that they concur in the recommendation of Mr. Proctor as learned counsel.

Gary E. Proctor, Esq. is a member of the Maryland Bar, an inactive member of the Louisiana Bar and a member of the U.S. District Courts for the District of Maryland and for the District of Columbia.

Mr. Proctor has been previously appointed as learned counsel in the U.S. District Court for the District of Maryland, the U.S. District Court for the District of Columbia, the U.S. District Court for the District of Puerto Rico, the U.S. District Court for the Northern District of West Virginia, the U.S. District Court for the Eastern District of Kentucky, the U.S. District Court for the Eastern District of Pennsylvania and the U.S. District Court for the Virgin Islands.

Mr. Proctor began his legal career in 2001 in Louisiana, at the Louisiana Capital Assistance Center, where he provided defense, investigation and mitigation in death penalty cases both, in Louisiana and throughout the southern United States. While there, he worked on several high-profile capital cases, as well as on litigation to challenge cruel and unusual conditions on Mississippi's death row, which resulted in the favorable decision of ***Gates v. Cook***,

---

[5] Source: https://www.uscourts.gov/administration-policies/judiciary-policies/guidelines-administering-cja-and-related-statutes-18#a620_30

376 F.3d 323 (5th Cir. 2004). He was certified by the statewide indigent defender board in 2003 to represent persons charged with capital offenses.

    Mr. Proctor continued his criminal and capital defense work in Baltimore, Maryland, after starting his own practice there in 2005. He has helped clients avoid the death penalty at trial in both, state court, prior to Maryland's abolition of the death penalty, and in various federal courts. He has appeared as learned counsel in approximately 30 death-eligible cases in various U.S. District Courts, as set forth above. He has previously been appointed on several occasions in death-eligible MS-13 cases, which is significant in that the case at bar contains similar accusations.

    **WHEREFORE**, Defendant Wilber Rosendo Navarro-Escobar respectfully requests that this Honorable Court "promptly" appoint Gary E. Proctor, Esq., as "learned counsel" in this case under 18 U.S.C. § 3005.

    **DATED** May 1, 2025.

    Respectfully submitted,

    **Donet, McMillan &Trontz, P.A.**

By: /s/ David A. Donet, Jr.
    David A. Donet, Jr., Esq.
    Florida Bar No.: 128910
    Attorney for Defendant Navarro-Escobar

[Certificate of Service on next page]

Page **5** of **6**

**Donet, McMillan & Trontz, P.A.**
Attorneys at Law
100 Almeria Avenue, Suite 230, Coral Gables, Florida 33134
• Telephone: 305-444-0030 •
www.dmtlaw.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on May 1, 2025, undersigned counsel electronically filed the foregoing Defendant's Motion For Appointment of Learned Counsel Pursuant to 18 U.S.C. § 3005 with the Clerk of the Court using CM/ECF, which will send a notice of electronic filing (NEF) to all counsel of record registered therein.

**Donet, McMillan &Trontz, P.A.**

By: /s/ David A. Donet, Jr.
David A. Donet, Jr., Esq.
Florida Bar No.: 128910
Attorney for Defendant Navarro-Escobar
100 Almeria Avenue, Suite 230
Coral Gables, Florida 33134
Telephone: (305) 444-0030
Email: donet@dmtlaw.com
Email: paralegals@dmtlaw.com

Page **6** of **6**

**Donet, McMillan & Trontz, P.A.**
Attorneys at Law
100 Almeria Avenue, Suite 230, Coral Gables, Florida 33134
• Telephone: 305-444-0030 •
www.dmtlaw.com