UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 25-cr-20102-RAR

UNITED STATES OF AMERICA,

    Plaintiff,
v.

WILBER ROSENDO NAVARRO-ESCOBAR,

    Defendant.
_____

**DEFENDANT'S UNOPPOSED MOTION FOR AN ORDER
INSTRUCTING FDC MIAMI
TO FACILITATE IN-PERSON ATTORNEY-CLIENT VISITS WITH CLIENT**

    Defendant WILBER ROSENDO NAVARRO-ESCOBAR (Mr. Navarro-Escobar), by and through his undersigned counsel, moves this Honorable Court for an Order directing and instructing the Federal Bureau of Prisons to provide Defendant Wilber Rosendo Navarro-Escobar and his Defense counsel full access at FDC Miami to an attorney-client room during visiting hours, upon Defense counsel's request, and in support thereof states as follows:

**INTRODUCTION**

    1.    Mr. Navarro-Escobar is being held in Pretrial Detention by stipulation with right to revisit. (See [DE 16]). He is confined in the SHU at FDC Miami.

    2.    On several occasions, undersigned counsel has met with Mr. Navarro-Escobar at FDC Miami but they were unable to have a meaningful conference because the attorney-client visits have to be held through a thick glass separating the undersigned from Mr. Navarro-Escobar, thereby forcing Mr. Navarro-Escobar and the undersigned to shout at each other through the glass to communicate.

**Donet, McMillan & Trontz, P.A.**
Attorneys at Law
100 Almeria Avenue, Suite 230, Coral Gables, Florida 33134
• Telephone: 305-444-0030 •
www.dmtlaw.com

3. The lack of a private, unrestricted space in which Mr. Navarro-Escobar and the undersigned may conduct a meaningful, private conference, precludes any possibility of preserving the attorney-client privilege as to any communications between them during these visits.

4. The lack of privacy as to the communications between Mr. Navarro-Escobar and the undersigned during these visits also creates a risk to Mr. Navarro-Escobar's safety, security and well-being because, these attorney-client conferences – of necessity – incorporate the discussion and review of discovery, including phots, videos and audio recordings that may involve other inmates housed in the SHU and elsewhere at FDC Miami.

5. These conditions adversely impact upon Mr. Navarro-Escobar's right to counsel under 18 U.S.C. § 3005 and the Sixth Amendment to the United States Constitution; unfairly and unconstitutionally restrict the development of mitigating evidence in violation of the Eighth Amendment to the United States Constitution; and denies Mr. Navarro-Escobar equal protection.

## MEMORANDUM OF LAW

## LEGAL STANDARD

**The Right to Counsel and the Attorney-Client Privilege.**

6. The Sixth Amendment to the United States Constitution provides that in all criminal prosecutions: "The accused shall enjoy the right… to have the Assistance of Counsel for his defence." ***U.S. Const. Amend. 6.***

7. To that end, 18 U.S.C. § 3005 provides in pertinent part that:

> "Whoever is indicted for treason or other capital crime shall be allowed to make his full defense by counsel... who shall have free access to the accused at all reasonable hours."

8. It has long been recognized that "the essence of the Sixth Amendment right to

**Donet, McMillan & Trontz, P.A.**
Attorneys at Law
100 Almeria Avenue, Suite 230, Coral Gables, Florida 33134
• Telephone: 305-444-0030 •
www.dmtlaw.com

counsel is… privacy of communication with counsel." *Weatherford v. Bursey*, 429 U.S. 545, 563, 97 S. Ct. 837, 847 (1977) (Marshall, J., dissenting) (internal quotation marks and ellipsis omitted).

9. The Federal Bureau of Prisons (BOP) Program Statement 5267.09, at §540.46, Attorney Visits, provides that:

> "Staff may not subject visits between an attorney and an inmate to auditory supervision. To the extent practicable, attorney visits, for both pretrial and sentenced inmates, are to take place in a private conference room. However, areas designated for attorney visits will be arranged so as to provide adequate unobstructed visual supervision.
>
> Where such a room is not available, the attorney visit may occur in a regular visiting room, provided the inmate and the inmate's attorney have a degree of separation from other visitors."

## ARGUMENT

10. Mr. Navarro-Escobar's and the undersigned's lack of access to a private room where the conferences between them are not overheard by others and where discovery reviewed (some or much of which is composed of confidential materials prohibited from disclosure to others) has materially and negatively impacted Mr. Navarro-Escobar's defense preparations and will continue to do so unless this issue is resolved.

11. This case, which involves allegations of a capital crime, is complex, presumably involves multiple witnesses and reportedly involves a voluminous amount of discovery, including phots, videos and audio recordings, as well as a vast number of documents and other files, all of which are confidential; therefore, it would be impossible to have any meaningful attorney-client review of such discovery under the present conditions, where – as indicated above – Mr. Navarro-Escobar and the undersigned and have to shout through a thick glass dividing them in order to hear each other, and where there is no real possibility of Mr. Navarro-Escobar

**Donet, McMillan & Trontz, P.A.**
Attorneys at Law
100 Almeria Avenue, Suite 230, Coral Gables, Florida 33134
• Telephone: 305-444-0030 •
www.dmtlaw.com

viewing any videos or reading any documents without the undersigned holding each item or his laptop to the glass for Mr. Navarro-Escobar to read or view them; or without the possibility of Mr. Navarro-Escobar listening to any audio recordings.

12. Both defense counsel need Mr. Navarro-Escobar to be able to work with them on a computer to review records, provide context to documents and contribute to the theory of defense.

13. The current failure of the federal government to provide Mr. Navarro-Escobar with the conditions that will allow him to prepare his defense in this complex prosecution is a direct violation of his Fifth and Sixth Amendment rights under the United States Constitution and has materially impacted and delayed his defense.

14. The conditions set forth above adversely impact upon Mr. Navarro-Escobar's right to counsel under 18 U.S.C. § 3005 and the Sixth Amendment to the United States Constitution; unfairly and unconstitutionally restrict the development of mitigating evidence in violation of the Eighth Amendment to the United States Constitution; and denies Mr. Navarro-Escobar equal protection.

## **CERTIFICATE OF GOOD FAITH CONFERRAL**

15. The undersigned conferred with Assistant United States Attorney Brian Dobbins, who indicated that the government does not object to the relief requested in this Motion.

**WHEREFORE**, Defendant Wilber Rosendo Navarro-Escobar respectfully requests that this Honorable Court enter its Order directing and requiring the Federal Bureau of Prisons to provide Defendant Wilber Rosendo Navarro-Escobar and his defense counsel full access at

Page **4** of **5**

**Donet, McMillan & Trontz, P.A.**
Attorneys at Law
100 Almeria Avenue, Suite 230, Coral Gables, Florida 33134
• Telephone: 305-444-0030 •
www.dmtlaw.com

FDC Miami[1] to a private conference room designated for attorney visits during visiting hours, upon Defense counsel's request, to prepare for Mr. Navarro-Escobar's defense.

**DATED** May 3, 2025.

Respectfully submitted,

**Donet, McMillan &Trontz, P.A.**

By: /s/ David A. Donet, Jr.
David A. Donet, Jr., Esq.
Florida Bar No.: 128910
Attorney for Defendant Navarro-Escobar

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on May 3, 2025, undersigned counsel electronically filed the foregoing Defendant's Unopposed Motion for an Order Instructing FDC Miami to Facilitate In-Person Attorney-Client Visits With Client with the Clerk of the Court using CM/ECF, which will send a notice of electronic filing (NEF) to all counsel of record registered therein.

**Donet, McMillan &Trontz, P.A.**

By: /s/ David A. Donet, Jr.
David A. Donet, Jr., Esq.
Florida Bar No.: 128910
Attorney for Defendant Navarro-Escobar
100 Almeria Avenue, Suite 230
Coral Gables, Florida 33134
Telephone: (305) 444-0030
Email: donet@dmtlaw.com
Email: paralegals@dmtlaw.com

---

[1] (Or at any other facility in which he may be housed in the future pending trial, should he be relocated).